IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN A. DANIELS                                                                                      PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:05cv2067KS-JMR

ROGER SPEED, WAYNE HARVEY,
DALLAS STRINGER, and GLEN HARVERY                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

On September 22, 2005, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On January 6, 2006, an order was entered directing the Plaintiff to file an amended complaint on or before January 27, 2006. The Plaintiff was warned in that order that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The Plaintiff failed to comply with that order.

An order then was entered on February 28, 2006, directing the plaintiff to show cause in writing, on or before March 14, 2006, why this case should not be dismissed for failure to comply with this court's order of January 6, 2006. In addition, the plaintiff was directed to comply with the January 6, 2006, order by filing an amended complaint on or before March 14, 2006. The Plaintiff was warned in this court's order of February 28, 2006, that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further written notice to the plaintiff. The Plaintiff has not complied with this order. The Plaintiff has failed to respond to two court orders or otherwise to communicate with this court. Thus, this court finds that it is apparent from the Plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of Plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 15th day of May, 2006.

> s/ Keith Starrett
> UNITED STATES DISTRICT JUDGE